UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BROCK BIDDLE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-900-DRL-MGG |
| MATT HASSEL *et al.*, | |
| Defendants. | |

OPINION & ORDER

Brock Biddle, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Biddle alleges that, on April 16, 2019, he was placed in the drunk tank at the Marshall County Jail and had to sleep and eat on the floor due to overcrowded conditions. He was also deprived of hygienic products, cleaning supplies, showers, and clean clothes. On September 3, 2019, Nurse Loftus gave him doxycycline in response to his report of small bumps on his face. When he told her that he was allergic to doxycycline, she reviewed his medical chart, apologized for the mistake, and gave him Benadryl to counteract the allergic reaction. Mr. Biddle later suffered throat swelling and chest pain due to the allergic reaction. He continued to submit medical requests for the bumps on his face but did not receive adequate treatment. On September 21, 2019, Jailer Trudy gave

him the wrong medication. When Mr. Biddle questioned Jailer Trudy, he laughed, acknowledged the mistake, and gave him clindamycin as prescribed. For his claims, he seeks money damages.

Mr. Biddle asserts a claim against Nurse Loftus for giving him doxycycline. Because Mr. Biddle is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* To prevail on a Fourteenth Amendment claim, a plaintiff must show that the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the detainee's] case." *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). "[N]egligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Id.* The allegations suggest that Nurse Loftus made a mistake when giving Mr. Biddle doxycycline and quickly took measures to counteract the negative effects by giving him Benadryl. These allegations suggest at most only negligent conduct, so Mr. Biddle may not proceed against this defendant.

Mr. Biddle also names Sheriff Hassel, Sergeant Holcomb, Captain Butts, Dr. Tchaptchet, and Quality Correctional Care as a defendant. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Similarly, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Mr. Biddle does not describe how the individual defendants were personally involved with his claims, and he does not identify a

2

policy or custom of Quality Correctional Care that resulted in a violation of his constitutional rights. Therefore, he may not proceed against these defendants on this complaint.

Though the complaint states no valid claims, the court will give Mr. Biddle the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, he should file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Brock Biddle until <u>October 1, 2020</u> to file an amended complaint; and

(2) CAUTIONS Brock Biddle that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

September 1, 2020              *s/ Damon R. Leichty*
                                                       Judge, United States District Court